# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al., | No. CV-22-00509-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| Adrian Fontes, in his official capacity as Arizona Secretary of State, et al., | |
| Defendants. | |
| **AND CONSOLIDATED CASES** | |

Pending before the Court is the United States' Motion for Indicative Ruling on Motion for Relief from Final Judgment filed on April 8, 2025. The United States asks the Court to give an indicative ruling that it would grant it relief from the Final Judgment "in *United States v. Arizona*, No. 2:22-cv-1124 (D. Ariz.)" (Doc. 771 at 2) and once the judgment has been vacated to voluntarily dismiss the United States' claims as it no longer wishes to press its claims in this case. The motion states that Defendants, State of Arizona and the Republican National Committee and Legislative Intervenor Defendants consent to the requested relief, that Plaintiff, Poder Latinx opposes the motion, several Plaintiffs reserve their positions, Secretary of State Fontes takes no position, and the remaining parties have not stated a position. The order attached to the motion proposes that the indicative ruling "vacat[e] the judgment issued with respect to *United States v. Arizona*, No. 2:22-cv-1124-SRB (D. Ariz.) and strik[e] '*United States v. Arizona*, No. 2:22-cv-

01124-SRB (D. Ariz.)'" from the Final Judgment. (Doc. 771-1, Proposed Indicative Ruling on United States' Motion for Relief From Judgment)

A Final Judgment granting declaratory relief and permanently enjoining certain provisions in Arizona House Bills 2492 and 2243 was entered on May 2, 2024. Legislative Intervenor Defendants and the Republican National Committee filed a Notice of Appeal on May 8, 2024 (Doc. 723). Defendants, State of Arizona and Attorney General Mayes filed a Notice of Appeal on June 3, 2024 (Doc. 739). Plaintiffs, Promise Arizona and Southwest Voter Registration Education Project filed a Cross-Appeal on June 28, 2024 (Doc. 754). On February 25, 2025 the Court of Appeals issued an Opinion on the appeals and cross-appeal (Doc. 767) but the Mandate has not issued. There are presently pending before the Court of Appeals Petitions for Rehearing En Banc. Briefing on those Petitions is stayed pending resolution of the United States' Motion. (*Mi Familia Vota v. Petersen*, No. 24-3188, 9th Cir. May 1, 2025, ECF No. 273.)

Plaintiffs Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund filed a response in opposition to the United States' Motion on April 22, 2025. The United States filed a Reply Brief on April 28, 2025. The Court will grant the request for an indicative ruling but that indicative ruling is that the Motion for Relief from Final Judgment would be denied.

The Court entered a Final Judgment in CV22-00509-PHX-SRB and in that Final Judgment related factually that the case arose out of eight consolidated lawsuits challenging various provisions of Arizona House Bills 2492 and 2243 and listed the seven cases that were consolidated into CV22-00509-PHX-SRB. Two initial problems with the United States' Motion for Relief from Judgment are that there was no judgment entered in CV22-01124-PHX-SRB and that striking the listing of one of the seven cases listed as consolidated into CV22-00509-PHX-SRB would delete a fact not vacate a judgment.

Moreover, the Final Judgment itself contains no reference to a judgment in favor of the United States against any Defendant. With respect to the two claims raised in the Complaint filed by the United States, these identical claims had already been alleged in the

Second Amended Complaint as acknowledged in the United States' Unopposed Motion to Consolidate (Doc. 8). As to those claims, the Final Judgment declares that H.B. 2492's restrictions on registration for presidential elections and voting by mail are preempted by Section 6 of the National Voter Registration Act, that H.B. 2492's checkbox requirement violates the Materiality Provision of the Civil Rights Act when enforced as to persons providing Documentary Proof of Citizenship and who are otherwise eligible to vote, and that H.B. 2492's requirement that individuals who register to vote using the State Form must include place of birth also violates the Materiality Provision. The enforcement of these provisions was enjoined.

Because the United States seeks relief from a non-existent judgment in CV22-01124-PHX-SRB, because the United States improperly seeks to delete its lawsuit from the factual listing of the cases that were consolidated, and because the only Final Judgment in this case does not grant any specific relief to the United States against any Defendant which could be vacated, the Court indicates that if this case were remanded for consideration of the United States' Motion for Relief from Judgment that motion would be denied. (Doc. 771)

Dated this 27th day of May, 2025.

_____
Susan R. Bolton
United States District Judge